UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NAIDA COLBY,

Plaintiff,

v.

HOME DEPOT USA INC.,
ZEP MANUFACTURING COMPANY and
ENFORCER PRODUCTS, INC.,

Defendants.

CIVIL NO. 01-248 (RHK/JMM)

ORDER

The above matter came on for hearing before the undersigned on January 4, 2002 upon Plaintiff's Motion to Compel and for Sanctions [Docket No. 21]. Nelson Peralta, Esq. appeared on behalf of Plaintiff; Michael Ryan, Esq., Timothy Hickey, Jr., Esq. and James Dunn, Esq. appeared on behalf of Defendants.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel and for Sanctions [Docket No. 21] is denied.

Dated: January 8, 2002

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

The Court's reasons for denying Plaintiff's Motion were placed on the record at the time of the hearing. We add this summary Memorandum.

FILED JAN 08 2002
RICHARD [illegible]
JUDGMENT ENTD [illegible]
DEPUTY CLERK

Discovery was to have closed in this matter on August 1, 2001. By agreement of the Parties, the Court permitted additional time to complete discovery, with the discovery to be concluded by October 1, 2001. In late September, Plaintiff learned that Defendant had engaged in a product recall as to a container, cap or product which Plaintiff believed was similar to those at issue in this litigation. As a result, on October 1, 2001, Plaintiff served the discovery which is at issue on this Motion.

The evidence demonstrates that Plaintiff's belief as to the similarity of the container and cap was mistaken. In fact, the evidence before the Court showed there are significant and material differences between the bottle and cap at issue in this litigation, and the bottle and cap as to which there was a recall. The fact that the contents of those bottles was the same also does not have a bearing on the issues. As a result, there is no basis upon which an additional extension of time for completing discovery should be permitted, whether or not agreed upon.

We also conclude that to whatever extent the discovery requests in this instance could yield some potentially relevant information, it is outweighed by the over breadth of the discovery. See Fed. R. Civ. P. 26(g)(2)(C); Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318, 1323 (Fed. Cir. 1990)("Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.")

We have afforded to counsel the opportunity to be heard, as required by Rule 37(a)(4)(B), and conclude that no sanctions are warranted.

J.M.M.